**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ROBIN GARDNER, individually and on behalf of all other similarly situated individuals,

    Plaintiff,

v.

LANCER FOOD HOLDINGS, LLC (d/b/a LANCER HOSPITALITY, INC.) and LANCER MANAGEMENT SERVICES, INC.,

    Defendants.

Civ. No.:_____

---

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Robin Gardner ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Lancer Hospitality, Inc. and/or Lancer Management Services, Inc. ("Defendants"), brings this action against Defendants for damages and other relief relating to violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, *et seq.* ("MFLSA").

## I.

## OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a putative collective action, individually,

and on behalf of all current or former hourly employees employed by Defendants within three years back from the date this Complaint was filed.

2.      Plaintiff also brings claims to recover unpaid overtime wages under the MFLSA, Minn. Stat. § 177.25 (overtime wages for workweeks over 48 hours).  Plaintiff brings these claims as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure individually, and on behalf of all current and former hourly employees who worked for Defendants in Minnesota three years back from the date this Complaint was filed.

## II.

## THE PARTIES

**Plaintiff**

3.      Plaintiff is a citizen of the United States domiciled Eagan, Minnesota. Plaintiff has been employed by Defendants as an hourly paid server, bartender, and cashier since approximately June 2016 through the present. Plaintiff worked at various venues in Minnesota, including but not limited to the Minnesota Zoo in Apple Valley, Minnesota.

4.      Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claims asserted.  Her consent form is attached as Exhibit A.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5.      Plaintiff, those similarly situated, and the putative Minnesota Rule 23 Class are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

6.      This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation.

7. This action is also brought as a putative class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the MFLSA, for failure to pay employees who worked in Minnesota proper overtime wages for hours worked each week over forty-eight (48).

8. Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, those similarly situated, and members of the putative Minnesota Rule 23 Class.

**Defendant**

9. Defendant Lancer Food Holdings, LLC (d/b/a/ Lancer Hospitality, Inc.) is a Minnesota limited liability company with its principle place of business in St. Paul, Minnesota. According to online resources, it is a hospitality company that provides services such as campus dining, K-12 lunch programs, corporate dining, restaurant management, catering, and large-scale food service and retail operations at public venues across the country. It provides services in Minnesota, Washington, Utah, Tennessee, Oklahoma, Texas, Arizona, Philadelphia. Upon information and belief, it was acquired in 2017 by Elior Group.

10. Defendant Lancer Management Services, Inc. is, upon information and belief, a subsidiary of Defendant Lancer Hospitality Inc. It is a Minnesota corporation with its principle place of business in St. Paul, Minnesota.

11. Defendants are or have been enterprises engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1),

and, upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

12. Plaintiff, and those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

13. At all relevant times, Defendants are, and have been, the employer of Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

## III.

## JURISDICTION

14. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the District of Minnesota.

15. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

## IV.

## VENUE

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendants are domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

## V.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

17. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All Defendants' current or former hourly employees who worked at any time from three years prior to the filing of this Complaint (the "FLSA Collective").

18. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the MFLSA is defined as:

> All Defendants' current or former hourly employees who worked in Minnesota at any time from three years prior to the filing of this Complaint (the "Minnesota Rule 23 Class").

## VI.

## FACTS

19. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

20. Plaintiff, those similarly situated, and the members of the putative FLSA Collective and Minnesota Rule 23 Class are or were employed by Defendants as hourly workers.

21.     Defendants have suffered and permitted Plaintiff to regularly work more than forty (40) and/or forty-eight (48) hours in certain workweeks.  Upon information and belief, Defendants have also suffered and permitted the members of the putative FLSA Collective, and members of the putative Minnesota Rule 23 Class to regularly work more than forty (40) and/or forty-eight (48) hours in certain workweeks.

22.     Plaintiff and those similarly situated were not compensated in accordance with the FLSA and/or the MFLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) and/or forty-eight (48) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA (29 U.S.C. § 207), and/or over forty eight (48) in a workweek, which is required by the MFLSA (Minn. Stat. § 177.25), Defendants paid them "straight time" for their overtime hours worked.

23.     Defendants paid overtime once on Plaintiff's paycheck, but paid her at a lower regular rate of pay than the rate required by law.  For example, on her June 7, 2019 paycheck, overtime appears at a rate of $19.50 per hour but should have been at a higher blended rate of the different hourly rates of pay Defendants paid her.

24.     Defendants are aware, or should have been aware, that Plaintiff, the putative FLSA Collective, and members of the putative Minnesota Rule 23 Class perform work that requires them to work overtime.  Defendants assign Plaintiff's work schedule and require Plaintiff, those similarly situated, and members of the putative Minnesota Rule 23 Class to report their work hours via weekly timesheets, which routinely reflect overtime hours.

25.     During her employment with Defendant, Plaintiff's hours varied from week to week. The hours worked were tracked in a timekeeping application. For example, in the work week of June 24 to 30, 2019, Plaintiff worked approximately 64 hours. On June 24, 2019 she worked from 10:29 a.m. to 3:43 p.m., June 25, 2016 from 10:01 a.m. to 8:45 p.m., June 26, 2019 from 10 a.m. to 1:58 p.m. and 5:59 p.m. to 9:56 p.m., June 27, 2019 from 7:58 a.m. to 1:08 p.m. and 3:59 p.m. to 9:27 p.m., June 28, 2019 from 1:59 p.m. to 2:00 a.m., June 29, 2019 from 11:30 a.m. to 1:30 a.m., and June 30, 2019 from 10:32 a.m. to 1:41 p.m. Defendants paid her straight time for these hours worked and no overtime pay and paid her this way during other weeks in which she worked overtime during the statutory period as well.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

27.     Plaintiff brings Count I individually and on behalf of all similarly situated individuals. As mentioned above, the putative FLSA Collective is defined as follows:

> All Defendants' current or former hourly employees who worked at any time from three years prior to the filing of this Complaint.

28.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

29. Defendants have violated, and are violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying hourly workers, like Plaintiff and the putative FLSA Collective, overtime as required by law.

30. Defendants are aware that they are not and were not compensating Plaintiff, the putative FLSA Collective, and the members of the putative Minnesota Rule 23 Class properly for overtime, because, for example, Plaintiff, and others, complained to Defendants about Defendants' failure to pay them an overtime premium.

31. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the putative FLSA Collective proper overtime compensation for hours worked over forty (40) in a workweek.

## VIII.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

32. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

33. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Count II of this action individually and on behalf of all similarly situated individuals. As mentioned above, the putative Minnesota Rule 23 Class is defined as follows:

> All Defendants' current or former hourly employees who worked in Minnesota at any time from three years prior to the filing of this Complaint.

34. The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the proposed Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendants, on information

and belief, have employed hundreds of individuals as hourly workers during the applicable statute of limitations period. Plaintiff and the putative Minnesota Rule 23 Class have been equally affected by Defendants' violations of law.

35. There are questions of law and fact common to the putative Minnesota Rule 23 Class that predominate over any questions solely affecting individual members of the putative Minnesota Rule 23 Class, including but not limited to the following:

   a. Whether Defendants violated Minnesota law for failure to pay overtime wages due and owing;
   b. Whether Defendants calculated the overtime rate of pay correctly;
   c. The proper measure and calculation of damages; and
   d. Whether Defendants' actions were willful or in good faith.

36. Plaintiff's claims are typical of those members of the putative Minnesota Rule 23 Class. Plaintiff, like other members of the putative Minnesota Rule 23 Class, was subject to Defendants' practices and policies described in this Complaint. Her pay structure is typical of the putative Minnesota Rule 23 Class, as she seeks to represent other hourly employees subject to the same alleged unlawful overtime pay practices.

37. Plaintiff will fairly and adequately protect the interest of the putative Minnesota Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate

lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

39. Plaintiff intends to send notice to all members of the putative Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

### IX.

### CAUSES OF ACTION

#### COUNT I – OVERTIME WAGES
#### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, et seq.
*On Behalf of Plaintiff and the FLSA Collective against Defendants*

40. Plaintiff individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference all allegations in the preceding paragraphs.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

42. Defendants suffered and permitted Plaintiff and the putative FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

43. Similarly, when Defendants calculated an overtime rate of pay when they did pay overtime, they calculated the regular rate of pay incorrectly, in violation of the FLSA.

44. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals proper overtime compensation in violation of the FLSA.

45. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the putative FLSA Collective to suffer loss of wages and interest thereon.

46. Plaintiff and the putative FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorneys' fees and costs under the FLSA.

### COUNT II – OVERTIME WAGES
### VIOLATION OF THE MINNESOTA
### FAIR LABOR STANDARDS ACT – Minn. Stat. § 177.21, *et seq.*
*On Behalf of Plaintiff and the Putative Minnesota Rule 23 Class against Defendants*

47. Plaintiff, individually and on behalf of the putative Minnesota Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

48. Plaintiff and the putative Minnesota Rule 23 Class were or are employees of Defendants within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

49. Defendants were or are an employer of Plaintiff and the putative Minnesota Rule 23 Class within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

50. The MFLSA requires employers to pay their employees for hours worked in excess of forty eight (48) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

51. When Defendants paid Plaintiff and the putative Minnesota Rule 23 Class straight time, rather than the required one and one-half times their regular hourly rate for hours worked over forty-eight (48) in a workweek, they violated the MFLSA.

52. Similarly, when Defendants calculated an overtime rate of pay when they did pay overtime, they calculated the regular rate of pay incorrectly, in violation of the MFLSA.

53. The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the putative Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

## X.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of the putative FLSA Collective, prays for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendants for violation of the overtime provisions of the FLSA;

4. Judgment that Defendants' violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs, defendants, and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. Such further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff as a class representative, individually and on behalf of the putative Minnesota Rule 23 Class, prays for relief as follows:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the putative Minnesota Rule 23 Class, and the appointment of Plaintiff as class representative and her counsel as class counsel;

2. Judgment against Defendants for an amount equal to Plaintiff's and the putative Minnesota Rule 23 Class' unpaid overtime wages;

3. Judgment that Defendants' conduct as described herein be determined and adjudicated to be in violation of the MFLSA;

4. A finding that Defendants' violations are willful;

5. An amount equal to Plaintiff's and the putative Minnesota Rule 23 Class' damages as liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to amend to add additional plaintiffs, defendants, and/or state law claims by motion or any other method approved by the Court; and

9.      Such further relief as the Court deems just and equitable.

Dated:  February 12, 2020               **NICHOLS KASTER, PLLP**

*/s/ Michele R. Fisher*
Michele R. Fisher, MN Bar No. 303069
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
fisher@nka.com


**ATTORNEYS FOR PLAINTIFF, THE PUTATIVE FLSA COLLECTIVE, AND THE PUTATIVE MINNESOTA RULE 23 CLASS**