UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robin Gardner, individually and on behalf of all other similarly situated individuals, | Case No. 0:20-cv-00493-(KMM) |
| Plaintiffs, | **ORDER** |
| v. | |
| Lancer Food Holdings, LLC (d/b/a Lancer Hospitality, Inc.) and Lancer Management Services, Inc., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Unopposed Motion for Conditional and Class Certification and for Preliminary Approval of Settlement. (ECF No 46.) The parties consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Consent, ECF No. 41; Order, ECF No. 44.)

Having reviewed Plaintiff's unopposed filing, the Settlement Agreement and exhibits; and the filings, records, and pleadings in this matter, pursuant to Federal Rule of Civil Procedure 23(e), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Conditional and Class Certification and for Preliminary Approval of Settlement, (ECF No. 46), is **GRANTED**.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of settlement only, the Court hereby certifies this lawsuit as a class action on behalf of the following settlement group:

   All hourly workers employed by Defendants in Minnesota, or who opted-into this action as of August 4, 2020 by filing a consent form with the Court, for whom, according to Plaintiffs' calculations based on Defendants'

records, worked unpaid overtime at any time during February 12, 2017 to August 4, 2020.

3. In support of this settlement group, the Court finds as follows:

   a. The parties do not dispute and the Court concludes that the 492 class members satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

   b. There are several important questions of law common to all class members.

   c. Plaintiff Robin Gardner's claims emanate from the same conduct of Defendants as those giving rise to the claims of the class members, and her claims are typical of the claims of the class members. Her claims do not conflict with those of other class members and rely upon the same legal theories.

   d. Plaintiff Robin Gardner has been thoroughly involved in this matter and can fairly and adequately represent the interests of the class members. Plaintiff's Counsel has extensive experience in wage and hour class and collective litigation and can fairly and adequately represent the interests of the class members.

   e. Questions common to the class predominate over any individual claims and resolving the common questions through a class action is preferable to doing so through individual litigation of 492 cases.

   f. Plaintiff Robin Gardner is similarly situated to the members of the class, her interests are typical of the rest of the class, she can fairly and adequately represent the class, and therefore, the Court certifies Plaintiff Robin

> Gardner as the class representative.

4. Pursuant to 29 U.S.C. § 216(b), for purposes of settlement only, the Court hereby certifies this lawsuit as a collective action on behalf of the following settlement group:

   All hourly workers employed by Defendants in Minnesota, or who opted-into this action as of August 4, 2020 by filing a consent form with the Court, for whom, according to Plaintiffs' calculations based on Defendants' records, worked unpaid overtime at any time during February 12, 2017 to August 4, 2020.

5. In support of this settlement group, the Court finds as follows:

   a. Plaintiff has shown a colorable basis for the claim that the putative collective members were victims of a single policy or plan.

   b. The factual and employment settings of individual collective members do not detract from the commonalities of their claims.

   c. The various defenses available to the defendant do not appear to be individual to each of the putative collective members.

   d. It is most efficient, effective, and fair to grant relief through the mechanism of a collective action.

6. Because the class and collective actions are certified for the purposes of settlement only, should the settlement agreement not become effective, this Order certifying the class and collective actions shall be vacated and the parties shall return to the positions they held prior to the entry of this Order. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, Plaintiff, or the settlement group members.

7. The Court hereby approves the proposed notice of settlement, (ECF No. 49-2), and directs that Plaintiff shall mail the notice on or before **12 days from the date of this Order**.

8. The representations, agreements, terms, and conditions of the parties' proposed settlement embodied in the Settlement Agreement and the exhibits thereto are preliminarily approved as discussed below.

9. The Court has conducted a preliminary review of the details of the proposed Settlement Agreement, including information regarding distribution of the settlement value, the mechanisms for notifying and paying class and collective members, the percentage of anticipated recovery, attorney's fees and costs, and class representative service award. The Court preliminarily finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Netzel v. West Shore Group, Inc.*, 16-cv-2552 (RHK/LIB), 2010 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement). The Court will further address these issues at the final approval hearing discussed below.

10. The Court finds that the distribution of the settlement notice substantially in the manner and form set forth in the Settlement Agreement and Exhibits 2 and 3 to Plaintiff's unopposed motion meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to receive notice.

11. Because of the structure of the settlement, class and collective members who do not wish to be included in the settlement class need not submit any statement of

exclusion. They may opt out by declining to cash the settlement check they receive in the mail. However, any class or collective member who wishes to object to the proposed settlement, request exclusion, or be heard at the final approval hearing and show cause why the proposed settlement should not be approved as fair, adequate, reasonable, and in the settlement groups' best interests or why this Court should not enter final judgment may do so according to the following procedure:

  a. The individual must send a notice of intent to object to the settlement to class counsel. The notice must contain name, address, case name, and an explanation of the individual's specific objections.

  b. The notice of intent to object or request exclusion must be emailed or mailed to class counsel at the following address on or before the 45-day period specified in the notice of settlement:

> Michele R. Fisher
> Nichols Kaster, PLLP
> 80 South 8th Street, Suite 4600
> Minneapolis, MN 55402
> Email: forms@nka.com

12. Any person who fails to object in the above-described manner shall be deemed to have waived any objections.

13. Class counsel shall submit the requests for exclusion and the objections to the Court and defense counsel on or before 7 days prior to the final approval hearing.

14. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Michele R. Fisher, Kayla M. Kienzle, and the law firm of Nichols Kaster, PLLP, to be adequate, the Court appoints Michele R.

5

Fisher and Kayla M. Kienzle of Nichols Kaster, PLLP, as class counsel to represent the settlement group.

15. Magistrate Judge Menendez will hold a final approval hearing via Zoom on Monday, November 30th at 9:00 AM. This hearing will address (a) whether the proposed settlement set forth in the settlement agreement should be approved as fair, reasonable, adequate, and in the best interest of the class and collective members; (b) whether the class and collective members should be bound by the release set forth in the Settlement Agreement upon cashing their checks; and (c) whether to approve, with or without modification, the proposed class-representative award and the proposed attorney's fees and expenses of class counsel. The parties will be provided with the necessary information to attend the Zoom hearing in advance. This hearing is subject to adjournment or continuance by the Court.

16. By Monday, November 23rd, if necessary, the parties will file a letter with the Court supplementing the Memorandum of Law in Support of Plaintiff's Unopposed Motion for Conditional and Class Certification and for Preliminary Settlement Approval. (ECF No. 48.) The parties need only file this letter if the previously filed memorandum is incomplete or out of date regarding the issues of fairness, adequacy, and reasonableness of the settlement, the award to the class representative; attorney's fees and expenses of class counsel; and entry of judgment dismissing the matter.

17. Upon the entry of final judgment, Eligible Settlement Class members who timely

cash their settlement checks shall be forever barred from asserting against Defendants any claims described in paragraph 7 of the Settlement Agreement, and shall be deemed to have released any and all such claims.

18. Only those class and collective members who have opted-in to the settlement by the means proposed in the Settlement Agreement shall be entitled to the settlement benefits.

19. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, Plaintiff, or the class and collective members.

20. The parties are ordered to take all reasonable steps needed to comply with the following timeline:

| | |
|---|---|
| Defendants provide updated list for mailing | **Within 5 days of Order** |
| Plaintiff mail notice of settlement | **Within 7 days of receipt of list** |
| Objections and requests for exclusion due to class counsel | **Within 45 days of notice of settlement mailing** |
| Requests for exclusion and objections due to Court and defense counsel letter supplementing previously filed memorandum due | **Within 7 days prior to final approval hearing** |
| Final approval hearing | **At least 71 days from Order** |

**IT IS SO ORDERED.**

Date: September 18, 2020                           *s/ Kate Menendez*
                                                                    Katherine M. Menendez
                                                                    United States Magistrate Judge